## IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

DEXTER MCDADE,

   **Plaintiff,**

   v.            **CASE NO.  22-3007-SAC**

CORIZON HEALTH, et al.,

   **Defendants.**

## MEMORANDUM AND ORDER
## AND ORDER TO SHOW CAUSE

Plaintiff Dexter McDade is hereby required to show good cause, in writing, to the Honorable Sam A. Crow, United States District Judge, why his Complaint should not be dismissed as barred by the statute of limitations.

### I.  Nature of the Matter before the Court

Plaintiff, currently incarcerated in Oklahoma, filed this pro se civil rights action under 42 U.S.C. § 1983 based on incidents occurring during his incarceration in Kansas.   Plaintiff alleges that in 2016, while incarcerated in Kansas, Plaintiff was diagnosed with interstitial cystitis, a rare medical condition that causes extreme pain. (Doc. 1, at 4.) He underwent surgery on July 10, 2018, but rather than his pain lessening, Plaintiff's "pain intensified and became more frequent, especially during urination." *Id.* at 8.   After filing a sick call request, Plaintiff was diagnosed with a severe urinary infection, but later sick call requests were denied with an explanation from the Corizon Clinic that they had done all they could do for Plaintiff.  *Id*.  Plaintiff began to have additional severe pain and eventually was admitted into the prison medical clinic, where he sought to be seen by an outside doctor or specialist.  *Id*. at 8–9.  Dr. Harrod, who worked for

1

Corizon, informed Plaintiff that because the form of interstitial cystitis was rare, there was no reason for him to see an outside doctor, surgeon, or specialist. *Id*. at 9.

On approximately August 14, 2018, Plaintiff was released back into general population without any further treatment of examination for the post-surgery infection or pain. *Id*. He continued to submit medical requests and complaints without receiving any further examinations or treatment for his post-surgery infection or pain. Plaintiff was then transferred back to Oswego Correctional Facility 60 days after being in general population. Plaintiff was eventually transferred back to Oklahoma. *Id*. at 24.

Plaintiff names as defendants Corizon Health; registered nurse C. Meyers; Joe Norwood, the Secretary of the Kansas Department of Corrections; Doug Burris, the Secretary Designee of the Kansas Department of Corrections; and Sam Cline, the Warden of El Dorado Correctional Facility. Plaintiff contends that Defendants violated his Eighth Amendment right to be free from cruel and unusual punishment by denying him adequate medical care. Plaintiff seeks declaratory relief and $1,000,000 in compensatory damages from each defendant. *Id*. at 25.

## II.  Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was

committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals.  *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009).  As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief."  *Kay*, 500 F.3d at 1218 (citation omitted).  Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'"  *Smith*, 561 F.3d at 1098 (citation omitted).  "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible."  *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

The statute of limitations applicable to § 1983 actions is determined from looking at the appropriate state statute of limitations and tolling principles.  *See Hardin v. Straub*, 490 U.S. 536, 539 (1989).  "The forum state's statute of limitations for personal injury actions governs civil rights claims under both 42 U.S.C. § 1981 and § 1983. . . . In Kansas, that is the two-year statute of limitations in Kan. Stat. Ann. § 60–513(a)."  *Brown v. Unified Sch. Dist. 501, Topeka Pub. Sch.*, 465 F.3d 1184, 1188 (10th Cir. 2006) (citations omitted).  The same two-year statute of limitations governs actions under 42 U.S.C. § 1985.  *See Alexander v. Oklahoma*, 382 F.3d 1206, 1212 (10th Cir.), *rehearing denied*, 391 F.3d 1155 (10th Cir. 2004), *cert. denied*, 544 U.S. 1044 (2005).

While state law governs the length of the limitations period and tolling issues, "the accrual date of a § 1983 cause of action is a question of federal law." *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Under federal law, the claim accrues "when the plaintiff has a complete and present cause of action." *Id.* (internal quotation marks and citation omitted). In other words, "[a] § 1983 action accrues when facts that would support a cause of action are or should be apparent." *Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006) (internal quotation marks and citation omitted), *cert. denied* 549 U.S. 1059 (2006). A district court may dismiss a complaint filed by an indigent plaintiff if it is patently clear from the allegations as tendered that the action is barred by the statute of limitations. *Id*. at 1258–59; *see also Jones v. Bock*, 549 U.S. 199, 214 (2007); *Hawkins v. Lemons*, No. 09-3116-SAC, 2009 WL 2475130, at *2 (D. Kan. Aug. 12, 2009).

It plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on January 10, 2022. Plaintiff alleges inadequate medical care after his surgery in August 2018. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

Plaintiff has not alleged facts suggesting that he would be entitled to statutory or equitable tolling. Plaintiff would have been aware of his claims when he sought medical care in 2018. Plaintiff filed a nearly identical action in this Court on January 29, 2020. *See McDade v. Corizon Health*, Case No. 20-3042-SAC. That case was dismissed for failure to state a claim on

5

October 12, 2021.  *See id*. at Docs. 10, 11.   Plaintiff should show good cause why his Complaint

should not be dismissed as barred by the applicable statute of limitations.

## IV.  Response Required

Plaintiff is required to show good cause why his Complaint should not be dismissed as

barred by the statute of limitations.   Failure to respond by the Court's deadline may result in

dismissal of this action without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff   is   granted   until

**March 7, 2022,** in which to show good cause, in writing, to the Honorable Sam A. Crow, United

States District Judge, why Plaintiff's Complaint should not be dismissed as barred by the statute

of limitations.

**IT IS SO ORDERED**.

**Dated February 7, 2022, in Topeka, Kansas.**

> **S/ Sam A. Crow**
> **SAM A. CROW**
> **SENIOR U. S. DISTRICT JUDGE**