IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DEXTER MCDADE,

    **Plaintiff,**

v.                                                  CASE NO. 22-3007-SAC

CORIZON HEALTH, et al.,

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff, currently incarcerated in Oklahoma, filed this pro se civil rights action under 42 U.S.C. § 1983 based on incidents occurring during his incarceration in Kansas. On February 7, 2022, the Court entered a Memorandum and Order and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff an opportunity to show good cause why his Complaint should not be dismissed as barred by the statute of limitations. This matter is before the Court on Plaintiff's Response (Doc. 4).

The Court found in the MOSC that it plainly appears from the face of the Complaint that Plaintiff's claims are subject to dismissal as barred by the applicable two-year statute of limitations. Plaintiff filed his Complaint on January 10, 2022. Plaintiff alleges inadequate medical care after his surgery in August 2018. It thus appears that any events or acts of Defendants taken in connection with Plaintiff's claims took place more than two years prior to the filing of Plaintiff's Complaint and are time-barred. *See Fratus v. Deland*, 49 F.3d 673, 674-75 (10th Cir. 1995) (district court may consider affirmative defenses *sua sponte* when the defense is obvious from the face of the complaint and no further factual record is required to be developed).

In his response, Plaintiff agrees that his claim accrued on August 14, 2018, but argues

that he should be entitled to equitable tolling. (Doc. 4, at 2.) Plaintiff argues that the statute of limitations should be tolled during the time in which he had a previous § 1983 case pending. Plaintiff filed a case based on the same claims on January 29, 2020. *See McDade v. Corizon Health*, Case No. 20-3042-SAC. In that case, the Court entered a Memorandum and Order granting Plaintiff an opportunity to file an amended complaint. *Id*. at Doc. 6. On August 2, 2021, the Court granted Plaintiff "one final opportunity to submit an amended complaint, on court-approved forms, that provides the required degree of detail, as explained in the Court's earlier order." *Id*. at Doc. 8. Plaintiff submitted an Amended Complaint, and the Court dismissed the case, finding that Plaintiff failed to allege sufficient personal involvement, general allegations of supervisory authority are insufficient, and Plaintiff failed to show deliberate indifference. *Id*. at Doc. 10. Based on the same facts Plaintiff asserts in the instant case, the Court found that a mere difference of opinion between a prisoner and medical personnel regarding diagnosis or reasonable treatment does not constitute cruel and unusual punishment. *Id*.

Plaintiff has not shown that unsuccessfully pursing his claims in a prior action entitled him to equitable tolling. Plaintiff has failed to show good cause why his Complaint should not be dismissed as barred by the statute of limitations.

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** as barred by the statute of limitations.

**IT IS SO ORDERED**.

Dated March 14, 2022, in Topeka, Kansas.

<u>S/ Sam A. Crow</u>
SAM A. CROW
SENIOR U. S. DISTRICT JUDGE